**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JASON VAN DUSEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1508-M |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed on filing and that Petitioner's "Motion for Court to Hold U.S.C. 2254 Writ of Habeas Corpus in Abeyance" be denied.

Petitioner is challenging his convictions for rape by instrumentation and first degree rape, for which he was sentenced to seventy-five years of imprisonment on each count, to be served consecutively. Case No. CF-2002-553, District Court of Blaine County. On October 13, 2004, the Oklahoma Court of Criminal Appeals affirmed his convictions on direct appeal in Case No. F-2003-1316, but modified his sentences to thirty years imprisonment on each count, to be served consecutively. Petition, p 2. Petitioner filed an application for habeas corpus relief in the District Court of Blaine County, which was rejected on procedural grounds on September 13, 2005. Petition, p. 4; letter dated

September 13, 2005 from Judge Mark Moore to Petitioner attached as exhibit to Petitioner's Points and Authorities. Petitioner then sought to appeal, and on October 18, 2005, the Oklahoma Court of Criminal Appeals declined to exercise jurisdiction over the appeal. Case No. HC-2005-909, Oklahoma Court of Criminal Appeals <http://www.oscn.net/applications/oscn/getcaseinformation.asp?submitted=true&number=2005-909&db=Appellate&viewtype=caseGeneral> (accessed January 13, 2006). Petition, p. 5. Thereafter, on November 8, 2005, the District Court of Blaine County accepted a habeas corpus petition for filing and on that same date denied the petition. Petition, p. 5. On November 30, 2005, Petitioner filed an appeal with the Oklahoma Court of Criminal Appeals that remains pending, and which, according to a docket notation, is being construed as a post-conviction appeal. See Oklahoma State Courts Network Docket No. PC-2005-1182, Oklahoma Court of Criminal Appeals <http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=pc-2005-1182&db=appellate&submitted=true> (accessed January 13, 2006).

    Petitioner raises six grounds for relief. In Ground One, he alleges ineffective assistance of trial counsel, a claim which appellate counsel did not raise; in Ground Two, he alleges prosecutorial misconduct denied him a fair trial; in Ground Three, he claims his due process rights were violated by the prosecution's suppression of exculpatory evidence; in Ground Four, Petitioner contends that the prosecution failed to prove every element of the crimes for which he was convicted beyond a reasonable doubt; in Ground Five, Petitioner alleges cumulative error; and finally, in Ground Six, Petitioner alleges ineffective assistance of appellate counsel. Petitioner's Points and Authorities, pp. 7, 11,

14, 16, 21, 22. Petitioner acknowledges that certain of his claims, specifically Grounds One, Three, and Four, have not yet been exhausted, but that he is attempting to through state post-conviction proceedings. Petition, p. 6, 9. Petitioner alleges that Ground Two was raised on direct appeal. Petition, p. 2. With regard to Grounds Five and Six, it appears that they were raised for the first time during post-conviction proceedings.[1]

28 U.S.C. § 2254(b)(1) requires that generally a state prisoner must exhaust his state court remedies before bringing a habeas petition in federal court. In this Circuit, a petitioner may satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted). See also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Furthermore, it is clear that the Petitioner bears the burden of showing that his state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

The undersigned finds that it is proper to raise the issue of exhaustion sua sponte. Odum v. Boone, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion sua sponte.");

---

[1] Petitioner filed a separate "Petitioner's Points and Authorities" in conjunction with his petition. Grounds Five and Six are only contained in this supplemental brief and Petitioner did not address the issue of exhaustion on these two claims.

Darks v. Ward, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (upholding sua sponte dismissal because the Oklahoma Court of Criminal Appeals had not yet decided the appeal at the time the habeas petition was filed).[2]

Based on the review of the petition, the undersigned finds that Petitioner has not fully exhausted his state court remedies. Petitioner is in the process of seeking review from the Oklahoma Court of Criminal Appeals on Grounds One, Three, Four, Five and Six, and thus he has not exhausted available state court remedies. Petitioner's remaining claim, Ground Two, was raised on direct appeal, and thus appears to be exhausted.

Because the instant petition presents both exhausted and unexhausted claims, it is a "mixed petition." Pliler v. Ford, 542 U.S. 225, 227 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). When a mixed petition has been presented to the court, generally the petition must be dismissed, "which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition." Pliler, 542 U.S. at 233, Rose, 455 U.S. at 510 ("district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"). However, in 2005, the Supreme Court held in Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005), that a federal court has the authority to stay a mixed petition pending state-court exhaustion proceedings, an option Petitioner seeks in his motion to hold the petition in abeyance.

---

[2]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

> Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Id. at 1534. The Supreme Court considered the history of the Antiterrorism and Effective Death Penalty Act and noted that the statute "encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a 'properly filed application for State post-conviction or other collateral review' is pending." Id. (quoting 28 U.S.C. § 2244(d)(2)). The Court continued on by noting that stay and abeyance is proper only in limited circumstances, because it encourages petitioners to bypass the desired method for exhausting claims in state court and then presenting them to the federal courts. Therefore, before a stay may be imposed, a petitioner must establish good cause for his failure to first exhaust his claims in state court. Id. at 1535. Furthermore, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, Petitioner has failed to establish good cause why he did not complete state post-conviction proceedings prior to filing the instant habeas corpus petition. Because properly filed state post-conviction proceedings toll the applicable statute of limitations period, accepting Petitioner's representations as true, he should not have a

timeliness issue if he files a 28 U.S.C. § 2254 petition after the Oklahoma Court of Criminal Appeals issues a decision in his post-conviction proceedings.[3]

In support of his request that the Court hold his petition in abeyance Petitioner recites that his first filing with the District Court of Blaine County was refused on procedural grounds, but that it was subsequently accepted and ruled upon, with the claims being denied of the basis of Young v. State, 451 P.2d 971 (Okla. Crim. App. 1969). Petitioner, however, has not provided any basis for this Court to conclude that he had good cause for filing his federal habeas corpus petition while awaiting the denial of his state post-conviction application, despite his anticipation that the appeal will be denied on the basis of Young. Because Petitioner has not established good cause, and because it does not appear that timeliness will be an issue, the undersigned recommends that Petitioner's motion to hold the petition in abeyance be denied.

### **RECOMMENDATION**

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be dismissed upon filing without prejudice due to Petitioner's failure to exhaust his state court remedies, unless within twenty (20) days of any order adopting this

---

[3] Petitioner's conviction became final ninety days after his direct appeal was denied by the Oklahoma Court of Criminal Appeals because he did not seek a writ of certiorari from the United States Supreme Court. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (a petitioner's conviction is not final following a decision by the state court of last resort until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. (citation omitted)). The Oklahoma Court of Criminal Appeals affirmed his conviction on October 13, 2004, and therefore his conviction became final on January 11, 2005. Without consideration of tolling, Petitioner's one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) expired on January 11, 2006. It appears, however, that Petitioner will be entitled to tolling for the period from November 8, 2005, when he filed the habeas corpus petition in the District Court of Blaine County, until the date the Oklahoma Court of Criminal Appeals denies his post-conviction appeal, assuming that his appeal was properly filed.

Report and Recommendation, Petitioner files an amended petition presenting only his exhausted claim. If Petitioner chooses to proceed on only his exhausted claim, he is forewarned that any future habeas corpus petition challenging his convictions may be barred as second or successive under 28 U.S.C. §2244(b)(2). See also Brown v. Shanks, 185 F.3d 1122, 1125 n. 4 (10th Cir. 1999) (by proceeding with only exhausted claims "[p]etitioner runs the risk of having any subsequent habeas petition raising his unexhausted claim dismissed as an abuse of the writ"). The undersigned further recommends that Petitioner's "Motion for Court to Hold U.S.C. 2254 Writ of Habeas Corpus in Abeyance" [Doc. No. 7] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 2, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is directed to transmit a copy of the petition and the Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@ oag. state.ok.us.

**ENTERED this 13th day of January, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE